# STANDARD GRANITE COMPANY QUARRIES

v.

# F. C. AIKEY.

OCTOBER TERM, 1894.

*Construction of stipulation by county court.*

1.  The construction of a stipulation by the county court will not be revised in the supreme court if it is legally susceptible of the construction put upon it.

2.  A written stipulation between counsel that a cause pending before a justice shall be continued to a certain day, and that if there is "any reason" why either party cannot attend on that day it shall be further continued to a subsequent day, is susceptible of the interpretation that in case of inability of one party to attend, the cause must stand continued, and that the justice has no jurisdiction to render judgment.

Petition for an appeal from the judgment of a justice upon the ground of fraud, accident and mistake. Heard at the June term, 1894, Caledonia county, TYLER, J., presiding.

Prayer of the petition granted, and appeal allowed. The petitionee excepts.

*E. B. Bullard* for the petitioner.

The county court had discretionary power to grant the relief asked for, and the exercise of that discretion cannot be revised. *Harriman* v. *Swift*, 31 Vt. 385 ; *Congdon* v. *Congdon*, 59 Vt. 597 ; *Lillie* v. *Lillie's Est.*, 56 Vt. 714.

*Albert Perley* for the petitionee.

The reason alleged by the petitioner for not attending was that he forgot the day. This is no legal excuse. *Babcock* v. *Brown*, 25 Vt. 550 ; *Davidson* v. *Heffron*, 31 Vt. 687 ; *Denison* v. *True*, 22 Vt. 42.

ROSS, C. J.   In *Foster's Exrs.* v. *Dickerson et al.*, 64 Vt. 233, it is held that the action of the county court, in construing a stipulation between counsel, will not be revised by this court if the stipulation is fairly susceptible of the construction put upon it by that court.   The error alleged is, the construction given by the county court in regard to the continuance of the case sought to have entered as an appeal case, when it was pending before the justice.   In the justice court the case had been continued once or twice, and stood for trial January 2, 1894.   Before that day arrived the counsel stipulated in writing that the case should be continued to January 8, 1894.   The stipulation contained the further provision :

"If there is any reason why either of the parties cannot attend on this day, then said cause shall be continued to a subsequent day."

As first drawn, the word "valid" was written as qualifying the word "reason," but was stricken out.   The county court construed the stipulation to require no action by the justice to continue the case, but that in the absence of one party the

other should continue it by force of the agreement, and that the word party included counsel. The stipulation, read in the light of the surrounding circumstances, is fairly capable of this construction. It could not well be otherwise construed. The counsel were continuing the case without resort to the justice, and providing that if either of them, for *any reason*, on the day to which the continuance was made, could not attend, "*then said cause shall be continued to a subsequent day.*" The counsel of the petitioner, on January 8, was called away on business. The counsel for the petitionee went to his office and found him gone. The stipulation clearly required that he should continue the case, or keep it open until the counsel of the petitioner returned. He was not entitled to take judgment by default or otherwise.

*Judgment affirmed and remanded.*